

ENTERED
12/17/2015

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ROY LEE DAVIS and | ) | CASE NO. 15-35948-H3-13 |
| AUDREY LAVERN DAVIS, | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

MEMORANDUM OPINION

The court heard the "Debtors' Motion to Extend, Or in the Alternative Impose, The Automatic Stay" (Docket No. 16) filed by Roy Lee Davis and Audrey Lavern Davis, Debtors. After consideration of the motion, the objection filed by Smart Financial Credit Union ("Smart") (Docket No. 20), the evidence, testimony and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law granting the motion in part. A separate Judgment will be entered in conjunction with this Memorandum Opinion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Roy Lee Davis and Audrey Lavern Davis ("Debtors") filed a voluntary chapter 13 petition on November 9, 2015. Prior to the instant filing, Debtors filed Case No. 12-38725-H3-13 on November 28, 2012, and the case was dismissed on the chapter 13

Trustee's motion, before confirmation, on July 17, 2013. The Trustee's motion was based upon the proposed plan being deficient in that it did not meet the disposable income test and did not provide for the present value on allowed secured claims.

Thereafter, Debtors filed Case No. 13-34506-H3-13 (hereinafter referred to as the "prior case") on July 26, 2013. The prior case was dismissed, after confirmation, on November 5, 2015, on the Chapter 13 Trustee's motion for failure to make plan payments. Case No. 13-34506-H3-13, Docket Nos. 84, 92. During the prior case, Debtors and Smart entered into an Agreed Order conditioning the automatic stay as to a 2009 Dodge Charger-V8 Sedan (hereinafter referred to as the "vehicle"). The instant case is Debtors' third chapter 13 bankruptcy proceeding. Debtor, Roy Lee Davis ("Davis"), testified that the instant case was filed in good faith and requests that the automatic stay be continued as to all creditors. The motion is opposed by Smart, the holder of a claim secured by Debtors' vehicle.[1]

Davis testified that, in the prior case, he fell behind

---

[1] Smart raised the argument that section 362(c)(3)(B) and section 362(c)(4) are not applicable to the instant case. Smart argues that Debtors did not timely file the motion to extend the stay to allow a hearing within the time frame of section 362(c)(3)(B). Additionally, Smart argues that Debtors only had one prior case within the preceding year as opposed to two or more as stated in section 362(c)(4). Imposition of the automatic stay pursuant to section 362(c)(4) can be invoked by a debtor who had one prior case pending within a year of the petition date. *See In re Toro-Arcila*, 334 B.R. 224 (Bankr.S.D.Tex. 2005). Further, regardless of the possible merits of the argument, the court may use its equitable powers under section 105(a) to impose a stay of creditor action. *See In re Martin Exploration Co.*, 731 F.2d 1210 (5th Cir. 1984).

on plan payments because his income was reduced as a result of his inability to work due to his having sustained an injury on June 13, 2015.  Debtor testified that he is employed as a Houston Metro bus driver and from the date of his injury until he returned to work on or about December 11, 2015, he was on short term disability with reduced income.  Since returning to work this month, Debtor testified that his income has increased and that he can afford to make his plan payments in the instant case.  He was unsure about the money amounts.  Amended schedules are not yet filed.  The court notes that before Davis' injury, Debtors' ability to make plan payments had been an issue in the prior case.  The chapter 13 Trustee filed a dismissal motion on February 13, 2015 for failure to make plan payments.  Case No. 13-34506-H3-13, Docket No. 77.

Schedules I and J, filed in the instant case on December 12, 2015, reflect monthly income of $3,068.55 and expenses of $3,636.15, with a negative monthly net income of $567.60.  Docket No. 19.  The proposed plan in the instant case provides for monthly payments of $200 for December 2015 and January 2016 and thereafter, for monthly payments of $500 for February 2016 through October 2020.  Docket No. 18.  Despite the figures on Schedules I and J, Davis testified that now that he is back at work, he estimates that his actual gross income is approximately $3,600 to $3,700 per month or approximately $2,800

per month after deductions.  Davis testified that he made his first monthly plan payment online, in the amount of $200, to the Trustee on December 10, 2015.

The proposed plan reflects that the value of Smart's collateral, the vehicle, is $6,500.  Davis testified that the value of the vehicle in the confirmed plan in the prior case, Case No. 13-34506-H3-13, was $20,050.  Davis testified that the reduction in value was the result of an automobile accident that occurred in early September, 2015, which was during the pendency of the prior case.  He testified that at the time of the accident the police were called but that he left the accident scene prior to their arrival to take his son to the hospital due to an asthma attack.

Davis testified that although he believed the vehicle was insured at the time of the accident, he was advised by his insurance company that there had been a lapse in coverage and the vehicle was not insured.  According to Davis, the front bumper and grill area of the vehicle was damaged in the accident and he estimated, per an appraisal he obtained, that the cost to repair it would be between $4,300 and $4,600.  Davis testified that he plans to repair the vehicle but does not currently have the funds to do so.  Debtor testified that the vehicle is currently insured and he is able to drive it.  There was no other explanation for Debtors' decision to pay $6,500 to Smart in the case filed

November 9, 2015, while the valuation in the case dismissed November 5, 2015 was $20,050.

Other than Davis' testimony, Debtors offered no other evidence to support a showing that the instant proceeding was filed in good faith or that they now have the ability to make payments and complete a plan.

<u>Conclusions of Law</u>

Section 362(c)(3) of the Bankruptcy Code provides:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section–

\* \* \*

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such

    presumption may be rebutted by clear and convincing evidence to the contrary)--

      (i) as to all creditors, if--

        (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

        (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

          (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

          (bb) provide adequate protection as ordered by the court; or

          (cc) perform the terms of a plan confirmed by the court; or

        (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--

          (aa) if a case under chapter 7, with a discharge; or

          (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

      (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating,

>           conditioning, or limiting the stay as to actions
>           of such creditor.

11 U.S.C. § 362(c)(3).

The burden of proof for obtaining an extension of the original 30-day period of the automatic stay or for imposing the automatic stay is on the debtor. *See In re Charles*, 332 B.R. 538 (Bankr. S. D. Tex. 2005).

In the instant case, a presumption applies that the case was not filed in good faith, because Debtors failed to perform the terms of the plan in Case No. 13-34506-H3-13, and because the Agreed Order between Debtors and Smart conditioned the automatic stay in Case No. 13-34506-H3-13. The presumption that a case is not filed in good faith may be rebutted by clear and convincing evidence.

In determining whether a presumption has been rebutted, courts consider the totality of the circumstances. *See In re Charles*, 332 B.R. 538 (Bankr. S.D. Tex. 2005); *In re Ball,* 336 B. R. 268 (Bankr. M.D. N.C. 2006); *In re Montoya,* 342 B. R. 312 (Bankr. S.D. Cal. 2006); *In re Baldassaro,* 338 B. R. 178 (Bankr. D. N.H. 2006); *In re Carr,* 344 B. R. 776 (Bankr. N.D. W.Va. 2006); *In re Ferguson,* 376 B. R. 109 (Bankr. E.D. Pa. 2007); *In re Mark,* 336 B. R. 260 (Bankr. D. Md. 2006).

The court has discretion in fashioning the scope of an extension or imposition of the automatic stay. It may order the stay to take effect as to any or all creditors subject to such

conditions or limitations as the court may impose.  See *In re DiGiovanni,* 415 B.R. 120 (Bankr. E.D. Pa. 2009); *In re Ferguson,* 376 B. R. 109 (Bankr. E.D. Pa. 2007).

In light of Debtors' proposed plan treatment of Smart and the reduced valuation of its collateral, the lack of evidence to substantiate Debtors' ability to make plan payments and/or repair the vehicle, the court concludes that Debtors have failed to meet their burden of proof of good faith as to Smart.  As to the remainder of the creditors Debtors have met the burden of proof.

Based on the foregoing, a separate Judgment will be entered granting the motion as to all creditors except Smart.

Signed at Houston, Texas on this 17th day of December, 2015.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE